IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASHA RHYMES;<br>AQUANTIS WILLIAMS;<br>AMIR ZIYAD;<br>ABDELARAHMAN ELSAYED;<br>PATRICK RHYMES.<br><br>PLAINTIFFS,<br>v.<br>ASHFORD AT STONERIDGE<br>APARTMENTS LP;<br>ASDEN MANAGEMENT LLC;<br>ASDEN MANAGEMENT II, LLC.<br><br>DEFENDANTS. | CIVIL ACTION FILE NO.<br>1:23-CV-01139-JPB |

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW, Plaintiffs, Tasha Rhymes; Aquantis Williams; Amir Ziyad; Abdelarahman Elsayed; and Patrick Rhymes; respectfully move pursuant to Rule 15 of the Federal Rules of Civil Procedure and seek leave to amend the complaint.

1. The proposed amended complaint, which is attached, is intended to remove Shalala Johnson; Shaneka Briteili Pritchett; Terrell Samuels; Rashaad Crum; and Stacey Latimore as plaintiffs to the original complaint. Shalala Johnson; Shaneka Briteili Pritchett; Terrell Samuels; Rashaad Crum; and Stacey Latimore were residents of the apartment complex, Ashford at Stoneridge Apartments LP. This amendment is necessary to accurately reflect the parties wishing to be involved in this matter.

2. The defendant will not be prejudiced by the amendment of the complaint, nor will the amendment warrant additional time for discovery in this case.

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs move to file the Amended Complaint within the time permitted by the Court in the scheduling order. Allowing Plaintiffs to file the Amended Complaint would serve justice and promote judicial efficiency. Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.

Through the Amended Complaint, Plaintiffs seek to remove Shalala Johnson; Shaneka Briteili Pritchett; Terrell Samuels; Rashaad Crum; and Stacey Latimore as plaintiffs. Indeed, the Plaintiffs remain focused on obtaining equitable monetary relief in this matter.

For all these reasons, and those stated in the attached memorandum in support, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the attached Amended Complaint.

Dated: 19th day of December, 2023

                                                                                Respectfully Submitted,

AMADU WILTSHIRE

Georgia Bar No.: 473499
Attorney for Plaintiff
Law Offices of Wiltshire, LLC.
1196 K Ashborough Dr. SE
Marietta, Georgia 30067
314-764-0888 phone
amaduwiltshire22@gmail.com

## 7.1 CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to L.R. 5.1(C).

Dated this 19th day of December 2023.

                              **Law Offices of Wiltshire LLC**

                              By: /S/Amadu Wiltshire /s/

                              Amadu Wiltshire
                              Georgia Bar No.: 473499
                              **Attorney for Plaintiffs.**

1196 Ashborough Drive SE, Unit K
Marietta, Georgia 30067
(314) 764-0888
Amaduwilthshire22@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT was served upon the party to this matter by depositing a true copy of same via electronic mail and/or by U.S. Mail, proper postage prepaid, addressed to as follows:

Joshua J. Smith<br>
Lee Clayton<br>
1420 Peachtree Street, NE<br>
Suite 800<br>
Atlanta, Georgia 30309-3231

Dated this 19th day of December 2023.

**Law Offices of Wiltshire LLC**

By: /S/ Amadu Wiltshire /S/

Amadu Wiltshire
Georgia Bar No.: 473499
**Attorney for Plaintiff**

1196 Ashborough Drive SE, Unit K
Marietta, Georgia 30067
(314) 764-0888
Amaduwilthshire22@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASHA RHYMES;<br>AQUANTIS WILLIAMS;<br>AMIR ZIYAD;<br>ABDELARAHMAN ELSAYED;<br>PATRICK RHYMES.<br><br>      **PLAINTIFFS,**<br>v.<br><br>ASHFORD AT STONERIDGE<br>APARTMENTS LP;<br>ASDEN MANAGEMENT LLC;<br>ASDEN MANAGEMENT II, LLC.<br><br>      **DEFENDANTS.** | CIVIL ACTION FILE NO.<br>1:23-CV-01139-JPB |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Pursuant to Rule 15, Plaintiffs Tasha Rhymes; Aquantis Williams; Amir Ziyad; Abdelarahman Elsayed; and Patrick Rhymes, move the Court for leave to file the attached Amended Complaint.

Based on additional facts and information, Plaintiffs seek leave to amend the original Complaint to remove Shalala Johnson; Shaneka Briteili Pritchett; Terrell Samuels; Rashaad Crum; and Stacey Latimore as plaintiffs. Shalala Johnson; Shaneka Briteili Pritchett; Terrell Samuels; Rashaad Crum; and Stacey Latimore were residents of the apartment complex, Ashford at Stoneridge Apartments LP, who would like to be removed as parties in this action.

I. PROCEDURAL BACKGROUND

Plaintiffs filed the original Complaint on January 17, 2023, alleging that Defendant was liable to the plaintiffs for their loss of property due to inoperable sprinkler systems and smoke detectors. Plaintiffs also brought an action for punitive damages and attorneys' fees.

II. THE AMENDED COMPLAINT

The facts and information detailed above warrant removing Shalala Johnson; Shaneka Briteili Pritchett; Terrell Samuels; Rashaad Crum; and Stacey Latimore as plaintiffs in this case.

III. LEGAL STANDARD AND ARGUMENT

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the court has the discretion to grant or deny a request for leave to file an amended pleading.

"Leave to amend must generally be granted unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962) and Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)). "In the absence of substantial or undue prejudice, denial [of a motion to amend] must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment." Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981) (citing Foman, 371 U.S. at 182). Given the liberal standard under Rule 15(a), "the burden is on the party opposing the amendment to show prejudice, bad faith, undue delay, or futility." Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

Here, allowing Plaintiffs to file the Amended Complaint would serve justice and promote judicial efficiency. As detailed above, the Amended Complaint seeks to add Sharnay Pollard as a party plaintiff. There is no undue delay, bad faith, or dilatory motive by Plaintiffs. Plaintiffs seek to file the Amended Complaint within the time allowed by the Court to file amended pleadings.

Moreover, there will be no substantial or undue prejudice to the original Defendants. The issue of prejudice requires a court to focus on the hardship to the defendants if the amendment were permitted; specifically, the court has to consider "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Here, Plaintiffs seek to amend the pleading to remove Shalala Johnson; Shaneka Briteili Pritchett; Terrell Samuels; Rashaad Crum; and Stacey Latimore as plaintiffs.

Finally, there will be no futility resulting from Plaintiffs' Amended Complaint. In the context of a motion to amend, "'futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). Therefore, the court may refuse to allow an amendment that fails to state a cause of action because it would not survive a motion to dismiss. Here, the Amended Complaint states viable claims against the defendant.

IV. CONCLUSION

For these reasons, Plaintiffs respectfully ask that the Court grant leave to file the attached Amended Complaint, which includes removing Shalala Johnson; Shaneka Briteili Pritchett; Terrell Samuels; Rashaad Crum; and Stacey Latimore as party plaintiffs.

Attached is a proposed order.

This 19th day of December 2023.

AMADU WILTSHIRE


/S/ Amadu Wiltshire /S/_
Georgia Bar No.: 473499
Attorney for Plaintiff
Law Offices of Wiltshire, LLC.
1196 K Ashborough Dr. SE
Marietta, Georgia 30067
314-764-0888 phone
amaduwiltshire22@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASHA RHYMES;<br>AQUANTIS WILLIAMS;<br>AMIR ZIYAD;<br>ABDELARAHMAN ELSAYED;<br>PATRICK RHYMES.<br><br>         PLAINTIFFS,<br>v.<br><br><br>ASHFORD AT STONERIDGE<br>APARTMENTS LP;<br>ASDEN MANAGEMENT LLC;<br>ASDEN MANAGEMENT II, LLC.<br><br>         DEFENDANTS. | CIVIL ACTION FILE NO.<br>1:23-CV-01139-JPB |

### ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

AND NOW, on this ____ day of _____, 2023, upon consideration of Plaintiffs' Motion for Leave to File Amended Complaint, it is hereby ORDERED that Plaintiffs' Motion is GRANTED.

BY THE COURT:

_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASHA RHYMES;<br>AQUANTIS WILLIAMS;<br>AMIR ZIYAD;<br>ABDELARAHMAN ELSAYED;<br>PATRICK RHYMES.<br><br>   PLAINTIFFS,<br>v.<br><br>ASHFORD AT STONERIDGE<br>APARTMENTS LP;<br>ASDEN MANAGEMENT LLC;<br>ASDEN MANAGEMENT II, LLC.<br><br>   DEFENDANTS. | CIVIL ACTION FILE NO.<br>1:23-CV-01139-JPB |

## AMENDED COMPLAINT FOR DAMAGES

**COMES NOW,** Tashs Rhymes, Aquantis Williams, Amir Ziyad, Abdelarahman Elsayed, and Patrick Rhymes, (hereinafter collectively referred to as the "Plaintiffs"), Plaintiffs in the above-styled action, and files this, their Complaint for Damages against the Defendants, Ashford at Stoneridge Apartments LP; Asden Management LLC; and Asden Management II, LLC, showing the Court as follows:

1.

The Plaintiffs are individuals who reside in the State of Georgia.

2.

The Defendants are all foreign corporations duly authorized to conduct business in the State of Georgia and may be served with Summons and Process via its Registered Agent, same

being First Corporate Solutions, Inc., at 900 Old Roswell Lakes, Suite 310, Roswell, Fulton County Georgia, 30076.

3.

The Defendants are subject to the jurisdiction and venue of this Court.

**FACTUAL BACKGROUND**

4.

On June 1, 2022, a fire of unknown origins broke out at the Ashford at Stone Ridge Apartment Complex located at 1048 Flat Shoals Road, College Park, Georgia 30349 (hereinafter referred to as the "Property").

5.

At the time of the fire on June 1, 2022, the sprinkler system, fire hydrants, and alarm system at the property were inoperable and/or in a state of neglect.

6.

At the time of the fire on June 1, 2022, the automatic fire sprinkler system at the Property was inoperable and non-functioning.

7.

At the time of the fire on June 1, 2022, the fire hydrants at the Property had no water supply. The non-functioning fire hydrants caused a thirty (30) minute delay in the responding fire-fighters were obtaining water to help suppress the fire.

8.

The fire on June 1, 2022, caused a total loss of the units leased by the Plaintiffs and the personal property contained therein.

9.

The loss that the Plaintiffs sustained to their individual leased units and the personal property contained therein was directly and proximately caused by the actions and inactions of the Defendants, and said Defendant is liable to said Plaintiffs in an amount to be proven at trial.

**COUNT I**

**NEGLIGENCE**

10.

The Plaintiffs realleges and incorporate Paragraphs 1 through 9 of this their Complaint for Damages as if expressly set forth herein.

11.

As the owner and management company of an apartment complex, Defendants owed a duty to all of its tenants, including the Plaintiffs, to exercise reasonable care in the use and upkeep of its property.

12.

An ordinary, reasonable property owner who leases real property to residential tenants would have installed and maintained a working fire suppression system, a fire protection sprinkler system, or a water-based fire protection system located in its real property.

13.

The Defendants did not maintain a working fire suppression system, a fire protection sprinkler system, or a water-based fire protection system located on its real property.

14.

By failing to install and maintain a working fire suppression system, a working fire protection sprinkler system, or a working water-based fire protection system located in its real property, the Defendants breached the duty of care that it owed to the Plaintiffs.

15.

As a direct and proximate result of Defendants' breach of duty, the Plaintiffs have been damaged in an amount to be proven at trial.

**COUNT II**

**NUISANCE**

16.

The Plaintiffs reallege and incorporate Paragraphs 1 through 15 this their Complaint for Damages as if expressly set forth herein.

17.

On June 1, 2022, the Defendants exercised dominion and control over the units of the Property.

18.

The Defendants, as the owner and management company of the Property, owed the Plaintiffs a duty not to use the property or allow it to be used in a manner which could cause harm to said Plaintiffs or their property.

19.

The Defendants, through its failure to install and maintain a working fire suppression system, a working fire protection sprinkler system, or a working water-based fire protection system located in its real property, which would have prevented fires such as this from occurring, breached its duty to the Plaintiffs, and directly and proximately caused harm to said Plaintiffs' real and personal property, as well as hurt, inconvenience, and annoyance to said Plaintiffs themselves.

20.

The actions and inactions of the Defendants contributed to the creation of a nuisance that adversely affected and unlawfully interfered with the Plaintiffs' quiet enjoyment and use of their real and personal property.

21.

As a direct and proximate result of the Defendants' actions of causing and allowing a nuisance to exist in the units of the Property, the Plaintiffs have been damaged in an amount to be proven at trial.

## COUNT III

## PUNITIVE DAMAGES

22.

The Plaintiffs reallege and incorporate Paragraphs 1 through 21 of this their Complaint for Damages as if expressly set forth herein.

23.

The actions of the Defendants constitute willful misconduct, malice, wantonness, and oppression and exhibit an entire want of care, which raises the presumption of conscious indifference to consequences.

24.

Pursuant to O.C.G.A. § 51-12-5.1, the Defendants are liable to the Plaintiffs for punitive damages to punish, penalize, and deter said Defendants in an amount to be proven at trial.

## COUNT IV

## ATTORNEYS' FEES AND EXPENSES OF LITIGATION

25.

The Plaintiffs reallege and incorporate Paragraphs 1 through 24 of this their Complaint for Damages as if expressly set forth herein.

26.

The Defendants have acted in bad faith, been stubbornly litigious, and have caused the Plaintiffs unnecessary trouble and expense within the meaning of O.C.G.A. § 13-6-11.

27.

The Defendants are liable to the Plaintiffs for all attorneys' fees incurred in the prosecution of the above-styled action pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, the Plaintiffs pray the Court will grant the following relief:

a) That the Defendants be served with Summons and Process as required by law;

b) That the Defendants be held liable to the Plaintiffs for negligence as averred in Count I of the above-styled Complaint for Damages;

c) That the Defendants be held liable to the Plaintiffs for nuisance as averred in Count II of the above-styled Complaint for Damages;

d) That the Defendants be held liable to the Plaintiffs for punitive damages as averred in Count III of the above-styled Complaint for Damages;

e) That the Defendants be held liable to the Plaintiffs for attorneys' fees as averred in Count IV of the above-styled Complaint for Damages;

f) For a trial by jury on all issues so triable and

g) For all such further relief the court deems appropriate.

This 19th day of December 2023.

AMADU WILTSHIRE
_____

Georgia Bar No.: 473499
Attorney for Plaintiff
Law Offices of Wiltshire, LLC.
1196 K Ashborough Dr. SE
Marietta, Georgia 30067
314-764-0888 phone
amaduwiltshire22@gmail.com

## **7.1 CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 7.1D of the Northern District of Georgia, I hereby certify that this document was prepared in Times New Roman font, 14 point, pursuant to L.R. 5.1(C).

Dated this 19th day of December 2023.

                                                        **Law Offices of Wiltshire LLC**

                                                        By:  /S/ Amadu Wiltshire /S/

                                                             Amadu Wiltshire
                                                             Georgia Bar No.: 473499
                                                            **Attorney for Plaintiffs.**

1196 Ashborough Drive SE, Unit K
Marietta, Georgia 30067
(314) 764-0888
Amaduwilthshire22@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that, on the date set forth below, the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT was served upon the party to this matter by depositing a true copy of same via electronic mail and/or by U.S. Mail, proper postage prepaid, addressed to as follows:

Joshua J. Smith
Lee Clayton
1420 Peachtree Street, NE
Suite 800
Atlanta, Georgia 30309-3231

Dated this 19th day of December 2023.

**Law Offices of Wiltshire LLC**

By: /S/ Amadu Wiltshire /S/

Amadu Wiltshire
Georgia Bar No.: 473499
**Attorney for Plaintiff**

1196 Ashborough Drive SE, Unit K
Marietta, Georgia 30067
(314) 764-0888
Amaduwilthshire22@gmail.com