UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TASHA RHYMES, et al.,<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>ASHFORD AT STONERIDGE<br>APARTMENTS LP, et al.,<br>　　　　Defendants. | CIVIL ACTION NO.<br>1:23-CV-01139-JPB |

## ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to Amend Complaint [Doc. 22] and Ashford at Stoneridge Apartments LP, Asden Management LLC and Asden Management II, LLC's ("Defendants") Motion for Summary Judgment [Doc. 21].  This Court finds as follows:

### BACKGROUND

On January 17, 2023, Tasha Rhymes, Aquantis Williams, Amir Ziyad, Shalala Johnson, Shaneka Briteili Pritchett, Abdelrahman Elsayed, Patrick Rhymes, Terrell Samuels, Rashaad Crum and Stacey Latimore ("Plaintiffs") filed this action for negligence per se, negligence and nuisance against Asden (US) Inc. stemming from a fire that occurred at the apartment complex where Plaintiffs resided.  [Doc. 1, p. 2].  On March 16, 2023, Asden (US) Inc. removed the action

to this Court.  [Doc. 1].  On April 17, 2023, Plaintiffs filed a First Amended Complaint, wherein they dropped their negligence per se claim.  [Doc. 7]. Thereafter, on May 22, 2023, Plaintiffs filed a Second Amended Complaint (the "Operative Complaint"), updating the named defendants to the following parties: Ashford at Stoneridge Apartments LP, Asden Management LLC and Asden Management II, LLC.  [Doc. 13].

Discovery in this case closed on November 6, 2023, and Defendants filed the instant Motion for Summary Judgment on December 4, 2023.  [Doc. 21]. Shortly thereafter, Plaintiffs Tasha Rhymes, Aquantis Williams, Amir Ziyad, Abdelrahman Elsayed and Patrick Rhymes ("Moving Plaintiffs") filed the instant Motion for Leave to Amend Complaint, seeking to drop some of the plaintiffs from this action.  [Doc. 22].

## DISCUSSION

The Court first addresses Moving Plaintiffs' Motion to Amend before evaluating Defendants' Motion for Summary Judgment.

**I.  Motion for Leave to Amend Complaint**

Moving Plaintiffs filed the instant Motion for Leave to Amend Complaint, seeking to drop Shalala Johnson, Shaneka Briteili Pritchett, Terrell Samuels,

Rashaad Crum and Stacey Latimore as parties from this action.[1]  At the outset, the Court notes that although Moving Plaintiffs filed a Motion to Amend under Rule 15 of the Federal Rules of Civil Procedure, the Court construes the request as a motion to voluntarily dismiss some of the plaintiffs without prejudice.  Rule 41(a)(2), which governs dismissals of actions, provides that where an opposing party has answered, as is the case here, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Ordinarily, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice.  Potenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).

Moving Plaintiffs contend that the plaintiffs seeking to exit the lawsuit no longer "wish[] to be involved in this matter."  [Doc. 22, p. 1].  Moving Plaintiffs also contend that Defendants would not be prejudiced by their requested amendment.  Id. at 2.  On the other hand, Defendants argue that allowing these five plaintiffs to simply leave the case would prejudice Defendants by denying

---

[1]  In their Motion for Leave to Amend Complaint, Moving Plaintiffs briefly mention that their proposed amended complaint seeks to "add Sharnay Pollard as a party plaintiff," [Doc. 22, p. 7], however, the proposed amended complaint does not include this additional party, nor do Moving Plaintiffs discuss this request elsewhere in their Motion. As such, the Court will not address the addition of Sharnay Pollard as a plaintiff.

3

Defendants the preclusive effect that a successful summary judgment motion would impose on the plaintiffs.  [Doc. 24].

Here, the parties have been litigating this case for more than one and a half years, discovery is closed and Defendants have filed a Motion for Summary Judgment.  Voluntarily dismissing some of the plaintiffs from the action without prejudice would essentially allow those plaintiffs to later file another lawsuit against Defendants based on the same facts, thus requiring Defendants to relitigate the same issues while bearing the expenses of additional litigation.  Based on these facts, the Court agrees with Defendants that allowing amendment at this late stage of the case would cause prejudice to Defendants.  To the extent that some of the plaintiffs no longer wish to pursue this action, they can do so by stipulating to a dismissal with prejudice.  Accordingly, Moving Plaintiffs' Motion to Amend is **DENIED**.

## II. Motion for Summary Judgment

The Court next evaluates Defendants' Motion for Summary Judgment.

### STATEMENT OF FACTS

The Court derives the facts of this case from Defendants' Statement of Undisputed Facts.  The Court also conducted its own review of the record.  Notably, none of the plaintiffs have filed a response to Defendants' Statement of

Undisputed Facts.  The Local Rules of this Court require a respondent to a summary judgment motion to include with its responsive brief "a response to the movant's statement of undisputed facts."  LR 56.1(B)(2)(a).  The Local Rules make clear that the Court

> will deem each of the movant's facts as admitted unless the respondent:  (i) directly refutes the movant's fact with concise responses supported by specific citations to evidence (including page or paragraph number); (ii) states a valid objection to the admissibility of the movant's fact; or (iii) points out that the movant's citation does not support the movant's fact or that the movant's fact is not material or otherwise has failed to comply with the provisions set out in LR 56.1(B)(1).

LR 56.1(B)(2)(a)(2), NDGa.

Further, although Responding Plaintiffs[2] include some facts in their response brief in opposition to Defendants' Motion, see [Doc. 23], none of those facts are properly supported by a citation "to particular parts of materials in the record," as required under Federal Rule of Civil Procedure 56(c)(1)(A).  Thus, in accordance with the Civil Local Rules and Federal Rules of Civil Procedure, this Court will not consider any unsupported facts or facts that Responding Plaintiffs raise solely in response to Defendants' Motion.  The Court will, however, exercise its

---

[2]  "Responding Plaintiffs" are those who have responded in opposition to the Motion for Summary Judgment:  Tasha Rhymes, Aquantis Williams, Amir Ziyad, Abdelrahman Elsayed and Patrick Rhymes

discretion to consider in its analysis all facts it deems material after reviewing the record. The facts of this case, for purposes of adjudicating the instant motion for summary judgment, are as follows:

On June 1, 2022, a fire erupted at building four of the Ashford at Stoneridge Apartment Complex (the "Ashford Complex"), located at 1048 Flat Shoals Road, College Park, Georgia, 30349. [Doc. 21-3, pp. 1–2]. Plaintiffs resided in building four of the Ashford Complex at the time of the fire. Id. at 1. Defendant Ashford at Stoneridge Apartments LP owns the Ashford Complex and Defendants Asden Management LLC and Asden Management II, LLC manage it. Id. at 2.

Clayton County Fire & Emergency Services ("CCFES") received an alert of the fire at 7:25 PM and arrived on the scene at 7:31 PM. Id. at 2. Upon arrival, CCFES unsuccessfully attempted to establish a water supply from fire hydrants located on the Ashford Complex property. Id. The Clayton County Water Authority determined that a leak was causing low water pressure to the property's hydrants. Id. CCFES eventually secured a water supply from a fire hydrant across the street from the Ashford Complex and successfully extinguished the fire later that night by 11:00 PM. Id. at 3. Despite CCFES's efforts, however, the fire caused a total loss of Plaintiffs' leased units, including the personal property

contained therein.  Id.  Before the fire, Ashford Complex management had no knowledge of any water supply issues related to the property's fire hydrants.  Id.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  A factual issue is "'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case."  Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).  A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Ultimately, "[t]he basic issue before the court on a motion for summary judgment is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'"  Allen, 121 F.3d at 646 (quoting Anderson, 477 U.S. at 251–52).

The party moving for summary judgment bears the initial burden of showing that no genuine issue exists as to any material fact, "and in deciding whether the movant has met this burden the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving

party." Id.  After the movant satisfies this initial burden, the nonmovant bears the burden of showing specific facts that indicate summary judgment is improper because a material issue of fact does exist.  Id.  However, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting Anderson, 477 U.S. at 252).  If the record taken as a whole cannot "lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting First Nat. Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 289 (1968)).

    **A.**    **Negligence**

The Court will first analyze Plaintiffs' negligence claim.  Plaintiffs allege that Defendants breached the duty of care owed to Plaintiffs by failing to maintain operable fire hydrants at the Ashford Complex.  The crux of Plaintiffs' negligence claim is that Defendant's failure to maintain the fire hydrants prevented the fire from being extinguished sooner and caused damages to the plaintiffs.  Under Georgia law, a landlord has a duty to keep rented premises in repair and may be

liable for damages for failing to do so.[3] O.C.G.A. §§ 44–7–13; 44–7–14.  "This does not mean, however, that a landlord is an ensurer of its tenants' safety; rather, liability attaches only where the landlord has actual or constructive superior knowledge of a defective condition." Osman, 607 S.E. 2d at 239.  There are two ways that a plaintiff can establish a landlord's constructive knowledge:

> First, constructive knowledge can be demonstrated by showing that an employee was positioned in the immediate vicinity and had the opportunity and means to discover and remove the hazard . . . . Second, constructive knowledge may be shown by evidence that the alleged hazard was present for such a length of time that it would have been discovered had the proprietor exercised reasonable care in inspecting the premises.
>
> Id. (quoting Lee v. Food Lion, 534 S.E.2d 507, 509 (Ga. Ct. App. 2000)).

Upon review of the record, the evidence shows that at the time of the fire, the hydrants located on the Ashford Complex property were inoperable due to a leak that caused low water pressure to the hydrant.  Further, Defendants provide a sworn statement by the community manager at Ashford Complex stating that the Ashford Complex management had no knowledge of any water supply issues with the hydrants prior to the fire.  None of the plaintiffs offer any evidence to show

---

[3] Georgia courts have applied the same duty of care standard for landlords to apartment complex owners and property management companies.  See Osman v. Olde Plantation Apartments on Montreal, LLC, 607 S.E. 2d 236, 239 (Ga. Ct. App. 2004); Villareal v. TGM Eagle's Pointe, Inc., 547 S.E.2d 351, 352–53 (Ga. Ct. App. 2001).

otherwise.  For instance, noticeably missing from the record are any facts showing that Defendants were put on notice of the inoperable fire hydrants or that Defendants had the opportunity and means to uncover the water supply issue before the fire occurred.  The record further lacks any evidence showing how long the water supply issues were present to create a genuine issue for trial as to whether an exercise of reasonable care in inspecting the premises would have uncovered the issue.  Based on the undisputed facts in this case, the Court finds that Plaintiffs have failed to set forth sufficient evidence to establish that Defendants had actual or constructive knowledge of the leak and resulting water supply problem with the Ashford Complex fire hydrants.  Thus, summary judgment is **GRANTED** in favor of Defendants on the negligence claim.

### B. Nuisance

The Court next evaluates whether Plaintiffs' nuisance claim should proceed to trial.  Under Georgia law, a nuisance is defined as "anything that causes hurt, inconvenience, or damage to another . . . ."  O.C.G.A § 41-1-1.  To establish a nuisance claim, a plaintiff must allege "the existence of the nuisance complained of, that he or she has suffered injury, and that the injury complained of was caused by the alleged nuisance."  Bord v. Hillman, 780 S.E.2d 725, 728 (Ga. Ct. App. 2015).  Further, causation is an essential element of nuisance claims.  Alexander v.

Hulsey Env't Servs., Inc., 702 S.E.2d 435, 439 (Ga. Ct. App. 2010). To establish proximate cause for a nuisance claim, "a plaintiff must show a legally attributable causal connection between the defendant's conduct and the alleged injury." Id. A successful nuisance claim cannot be based on mere speculation, conjecture or a possibility of causation. Id. Rather, the causation standard is that "it is more likely than not that the conduct of the defendant was a cause in fact of the result." Id.

      Defendants argue that Plaintiffs' nuisance claim fails because Plaintiffs do not provide sufficient evidence to establish that Defendants caused a nuisance or that any injury resulted from the alleged nuisance. Upon review, this Court agrees. Here, Plaintiffs' nuisance claim is based on allegations that Defendants' failure to install and maintain a working fire suppression system, sprinkler system or water-based fire protection system to prevent fires created a nuisance that caused damages to Plaintiff. However, even before deciding whether Plaintiffs have established the existence of a nuisance and injury, the Court, at the outset, finds that Plaintiffs cannot prove causation. Indeed, although Plaintiffs concede that expert testimony is "indispensable" in proving causation in this case, [Doc. 23, pp. 5–6], Plaintiffs have not made any expert disclosures or otherwise conducted expert discovery in this case and the discovery period is now closed. Absent any evidence demonstrating how much of the total damages are attributable to the

malfunctioning fire hydrant and the resulting delay in extinguishing the fire, Plaintiffs are unable to establish the requisite causation element to sustain their nuisance claim.  See Clean Sweep Prods., Inc. v. Champions of Calhoun, LLC, No. 4:20-CV-00227, 2023 WL 3858308 (N.D. Ga. May 17, 2023) (finding that although a jury could decide that a lack of a functioning sprinkler system was a proximate cause of some of the plaintiff's damages in a fire, expert testimony was required to determine to what degree a functioning sprinkler system would have prevented or mitigated the damage).  Ultimately, without expert testimony, a reasonable jury could not determine without speculating how much of Plaintiffs' alleged damages resulted from the inoperable fire hydrants.  Because Plaintiffs cannot provide such evidence, Plaintiffs' nuisance claim fails.  Therefore, Defendants' Motion for Summary Judgment on the nuisance claim is **GRANTED**.

## CONCLUSION

For the foregoing reasons, Moving Plaintiffs' Motion for Leave to Amend [Doc. 22] is **DENIED**.  This Court **HEREBY GRANTS** Defendants' Motion for Summary Judgment [Doc. 21].  The Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 12th day of August, 2024.

J. P. BOULEE
United States District Judge